A06A1035. IN THE INTEREST OF R. N. O. et al., children.
(635 SE2d 420)

MILLER, Judge.

A juvenile court terminated the parental rights of the mother and father of R. N. O. and S. T. O. and denied the paternal grandmother's motion to obtain legal custody of the children. Only the grandmother appeals the juvenile court's order, contending that the juvenile court and the Department of Family and Children Services ("DFCS") failed to follow applicable statutory procedure in placing the children and that the juvenile court abused its discretion in denying her motion to obtain legal custody of the children. We find no error and therefore affirm.

1. The grandmother argues that the juvenile court erred by making no attempt to place the children with any family member after terminating the parents' parental rights and that DFCS failed to conduct a thorough search for any relatives. Further, the grandmother argues that the juvenile court improperly commingled its hearing on DFCS's termination petition and her motion for custody of the children in violation of OCGA § 15-11-103 (a) (1). We disagree.

The grandmother lacks standing to contest the alleged acts or omissions of the juvenile court and DFCS in placing the children. "It is well-settled that a person may only challenge a ruling which has adversely affected his or her own rights." (Citation and punctuation omitted.) *In the Interest of M. B. B.*, 241 Ga. App. 249, 250 (1) (a) (526 SE2d 76) (1999). In this regard, this Court has previously held that an appellant grandmother who is not the guardian of the child on whose behalf a search is to be conducted cannot properly assert that a relative placement search was insufficient. *In the Interest of B. R. W.*, 242 Ga. App. 232, 239-240 (3) (530 SE2d 5) (2000). Accordingly, the grandmother's claim regarding an improper placement search is here without merit.

Further, we note that the grandmother failed to object to the fact that the juvenile court conducted a single hearing regarding both DFCS's termination petition and her motion for custody. Such issue,

therefore, is waived on appeal. See *In the Interest of T. D. B.*, 266 Ga. App. 434, 442 (3) (c) (597 SE2d 537) (2004).

2. The grandmother also contends that the juvenile court abused its discretion in denying her motion for custody of the children. Again, we disagree.

Initially, we note that Georgia law does not require that a child be placed with a relative. Rather, OCGA § 15-11-103 (a) (1) mandates that:

> If, upon the entering of an order terminating the parental rights of a parent, there is no parent having parental rights, the court shall first attempt to place the child with a person related to the child by blood or marriage or with a member of the child's extended family if such a person is willing and, after study by the probation officer or other person or agency designated by the court, is found by the court to be qualified to receive and care for the child, if the court determines such placement is the most appropriate for and in the best interest of the child.

Here, the juvenile court allowed the grandmother to present her motion for custody of the children at two hearings, and DFCS conducted a home evaluation. In this regard, the record shows that DFCS denied placement of the children with their grandmother because her husband had a history of alcohol abuse; the grandmother was unemployed; and the grandparents had had little contact or familial bond with the children in the two years they had been in foster care.

Other evidence included the grandmother's admissions that she had no relationship with S. T. O. and had not seen either child in five months. S. T. O. expressed the desire to be adopted by her foster parents. Also, the grandfather had stopped attending Alcoholics Anonymous meetings.

Moreover, there was undisputed evidence showing that DFCS was concerned that the grandparents lacked the capacity to provide for special needs children such as R. N. O., who had psychosexual behavioral problems and a history of aggression against S. T. O. that required their separate placement in foster care. "Courts are clearly authorized to consider the special needs of a child and the [grand]-parent's inability to provide for those needs. [Cit.]" *In the Interest of M. W.*, 275 Ga. App. 849, 854 (3) (622 SE2d 68) (2005).

Under these circumstances, the juvenile court did not abuse its discretion in denying the grandmother's motion for custody of the children and concluding that keeping the children in foster care was

in their best interests. OCGA § 15-11-103 (a) (1); *In the Interest of L. W.*, 276 Ga. App. 197, 205 (4) (622 SE2d 860) (2005).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 17, 2006.

*Fears, Lawrence & Turner, William H. Turner, Jr.*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Charissa A. Ruel, Assistant Attorney General, Wilson H. Bush*, for appellee.